**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABIRA MEDICAL LABORATORIES, LLC d/b/a GENESIS DIAGNOSTICS,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL ASSOCIATION OF LETTER CARRIERS HEALTH BENEFIT PLAN, *et al.*,<br><br>Defendants. | Civil Action No. 23-05142 (GC) (DEA)<br><br>**OPINION** |

**CASTNER, U.S.D.J.**

**THIS MATTER** comes before the Court upon Defendant National Association of Letter Carriers Health Benefit Plan's Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF No. 10.) Plaintiff opposed, and Defendant replied. (ECF Nos. 17 & 18.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendant's motion is **GRANTED**.

## I.     BACKGROUND

This is one of more than forty cases that Plaintiff Abira Medical Laboratories, LLC has filed in the United States District Court of the District of New Jersey or had removed here from the Superior Court of New Jersey since June 2023. In each of these cases, Plaintiff sues based on the assertion that it has been "unlawfully denied" reimbursement for "laboratory testing . . .

including but not limited[] to testing services performed during the COVID-19 pandemic." (ECF No. 8 ¶ 1.)

Plaintiff "is a domestic limited liability company organized under the laws of the State of New Jersey." (*Id.* ¶ 4.) Plaintiff "operated a licensed medical testing laboratory business" that "performed clinical laboratory, toxicology, pharmacy, genetics, and addition rehabilitation testing services on specimen," including "COVID-19 testing." (*Id.* ¶¶ 19-21.) Defendant National Association of Letter Carriers Health Benefit Plan is alleged to provide health insurance benefits with a principal place of business in Ashburn, Virginia. (*Id.* ¶ 6.)

Plaintiff alleges that its claims "originate from [Defendant's] insureds submitting specimens via molecular swabs, blood samples, . . . and then providing their insurance information for Abira to bill" Defendants. (*Id.* ¶ 28.) Plaintiff further alleges that "Defendants are required under specific clauses in the insurance contracts to pay for the laboratory testing of the insureds' specimen." (*Id.* ¶ 29.) The total amount of payments said to be due and owing "is in excess of $75,000.00." (*Id.* ¶ 55.) And Plaintiff claims that "the insureds providing their insurance information to Abira . . . evidences the fact that the insureds designated Abira as an assignee of the insurance contracts, to collect payment . . . for the lab tests Abira performed." (*Id.* ¶ 29.) Plaintiff does not identify the individual insureds/claimants or how many insureds/claimants are involved in this case, the type of health insurance plans under which the insureds/claimants were covered, any specific provisions in any plan that entitles the insureds/claimants to benefits from Defendant, or when services were provided by Abira to the insureds/claimants.

Plaintiff asserts eight causes of action against Defendant and other unidentified "affiliates" and unnamed companies and persons: Count One for breach of contract; Count Two for breach of implied covenant of good faith and fair dealing; Count Three for fraudulent misrepresentation;

Count Four for negligent misrepresentation; Count Five for promissory estoppel; Count Six for equitable estoppel; and Count Seven for quantum meruit/unjust enrichment.[1]  (*Id.* ¶¶ 48-94.)

On September 18, 2023, Defendant moved to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6).  (ECF No. 10.)  Plaintiff opposed on October 16, and Defendant replied on October 20.  (ECF Nos. 17 & 18.)

## II.   <u>LEGAL STANDARD</u>

On a motion to dismiss for failure to state a claim upon which relief can be granted, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'"  *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Directors of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)).  "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)).  When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements."  *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 903 (3d Cir. 2021)).  The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim."  *In re Plavix Mktg.,*

---

[1]   This case was removed to this Court from the Superior Court of New Jersey, Mercer County, Law Division, based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.  (*See* ECF No. 1.)  The original Complaint included a separate count under Families First Coronavirus Response Act and the Coronavirus Aid, Relief, Economic Security Act.  (ECF No. 1-3 at 12-13.)  The Amended Complaint, however, no longer contains that separate count under the federal statutes.  This Court still has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000.00.  (ECF No. 8 ¶¶ 3-6; ECF Nos. 22-23.)

*Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

## III. <u>DISCUSSION</u>

### A. COUNTS ONE AND TWO—BREACH OF CONTRACT & BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Defendant argues that Plaintiff's breach-of-contract claim fails because Plaintiff has not pleaded with adequate specificity the existence of a contract or the specific contractual provisions alleged to have been breached. (ECF No. 11 at 10-11.[2])  Defendant contends that the claim therefore does not rise above the speculative level. (*Id.* at 11 (citation omitted).)  In opposition, Plaintiff argues that "[a]t the pleading stage, Plaintiff does not need to prove the existence of a contract," and it insists that it has adequately pleaded that Defendant "failed to pay for the laboratory services rendered in breach of [Defendant's] agreement with and obligation to the claimants." (ECF No. 17 at 8-9.)

Although nothing need be "proven" at the pleading stage, it is not enough for Plaintiff to generally allege that Defendant breached a contract by failing to pay for services pursuant to some currently unidentified agreement with some currently unidentified claimants.  Under New Jersey law,[3] to state a plausible claim for breach of contract, Plaintiff cannot rely solely on an alleged "general obligation" without tying it to a specific contractual provision.  *Perry v. Nat'l Credit*

---

[2]  Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[3]  Because this Court is sitting in diversity in New Jersey and both parties cite New Jersey case law, the Court will accept that New Jersey law applies for purposes of the present motion. *See Argabright v. Rheem Mfg. Co.*, 201 F. Supp. 3d 578, 591 n.5 (D.N.J. 2016) ("Since Plaintiffs have made their allegations under New Jersey law and both parties have briefed the sufficiency of the claims under New Jersey law, the Court will, for purposes of deciding the present motion to dismiss, apply New Jersey law to determine whether Plaintiffs have succeeded in stating plausible claims for relief . . . .").

*Union Admin.*, 2021 WL 5412592, at *2 (3d Cir. Nov. 19, 2021).  A plaintiff must state facts that allow for the plausible inference that a contract exists and that provisions in that contract were violated.  *See Coda v. Constellation Energy Power Choice, LLC*, 409 F. Supp. 3d 296, 303 (D.N.J. 2019) ("The plaintiff must . . . specifically identify portions of the contract that were allegedly breached."  (quoting *Faistl v. Energy Plus Holdings, LLC*, Civ. No. 12-2879, 2012 WL 3835815, at *7 (D.N.J. Sept. 4, 2012))); *Etrailer Corp. v. Unbeatablesale.com, Inc.*, Civ. No. 21-10172, 2024 WL 1016200, at *4 (D.N.J. Mar. 8, 2024) ("[A] complaint's reference to an agreement and allegation of its breach is insufficient to survive dismissal because those claims are 'legal conclusion[s]' properly disregarded on a Rule 12(b)(6) motion."  (citation omitted)); *Riachi v. Prometheus Grp.*, Civ. No. 16-2749, 2016 WL 6246766, at *3 (D.N.J. Oct. 25, 2016) ("Although the Complaint does reference an 'Agreement' between the parties . . . , it does *not* provide any specific details as to when the parties entered a contract, what the terms of the contract were, or how Defendants' actions might have violated those terms. . . . Without more, Plaintiff's Complaint has not plausibly stated a claim for breach of contract.").

Plaintiff cites *Scott Jordan International, Inc. v. Lexmark Carpet Mills, Inc.*, in support of its position that it has "alleged with enough specificity the existence and breach of the contract at issue."  (ECF No 17 at 8-9 (citing *Scott Jordan Int'l, Inc. v. Lexmark Carpet Mills, Inc.*, Civ. No. 22-6551, 2023 WL 5353172 (D.N.J. Aug. 21, 2023)).)  But the district court in *Scott Jordan International* determined that the plaintiff had *not* plausibly alleged the existence of a contract or its breach where the plaintiff did not specify the agreed-upon terms, including how the plaintiff would be compensated, the amount of money owed under the contract, or the duration of the contract.  *Scott Jordan Int'l, Inc.*, 2023 WL 5353172, at *4-5.  Here, too, Plaintiff has not cited any specific provision of any contract, including a provision that entitles it to monies from Defendant or the amount owed thereunder.  It has not even identified the claimants/insureds who

are parties to the contract with Defendant.  Therefore, Plaintiff's breach-of-contract claim in Count One is dismissed without prejudice.  *See id.* at *5 ("Plaintiff must allege with enough specificity the existence and breach of the contract at issue.").

And because the Court finds that Plaintiff has not adequately pleaded the existence of a contract or its breach, the claim for breach of the implied covenant in Count Two must be dismissed without prejudice as well.  *See, e.g.*, *Hall v. Revolt Media & TV, LLC*, Civ. No. 17-2217, 2018 WL 3201795, at *3 (D.N.J. June 29, 2018) ("Where a plaintiff fails to adequately allege the existence of a contract, plaintiff cannot allege that defendant breached the covenant of good faith and fair dealing."); *Wade v. Kessler Inst.*, 798 A.2d 1251, 1262 (N.J. 2002) ("To the extent plaintiff contends that a breach of the implied covenant may arise absent an express or implied contract, that contention finds no support in our case law.").  The breach of the implied covenant claim also appears to be duplicative of the breach-of-contract claim and subject to dismissal on that basis. *See McMillian v. GEICO Indem. Co.*, Civ. No. 23-01671, 2023 WL 7039535, at *6 (D.N.J. Oct. 26, 2023).

### B. Counts Three, Four, Five, and Six—Fraudulent Misrepresentation, Negligent Misrepresentation, Promissory Estoppel, and Equitable Estoppel

Counts Three through Six in the Amended Complaint—for fraudulent misrepresentation, negligent misrepresentation, promissory estoppel, and equitable estoppel—all rely on the same allegation: "Defendants' representatives communicated to Abira that Defendants would pay Abira for performing subsequent testing services to Defendants' insureds."  (ECF No. 8 ¶¶ 65, 71, 77, 83.)  But there is no factual matter provided to plausibly support this allegation.  Plaintiff does not plead when such representations were made, who made the representations, how they were made (*e.g.*, in writing, by phone, or in person), or the substance of what was actually said that led Abira to believe that Defendant would pay a specified amount for the testing services furnished.  Plaintiff

also does not plead whether such representations were made for one specific claimant/insured or for any and all claimants/insureds who might use Plaintiff's services. Such a vague allegation without something more to render it plausible is insufficient to state these claims.[4] *See, e.g.*, *MHA, LLC v. Amerigroup Corp.*, 539 F. Supp. 3d 349, 360 (D.N.J. 2021) (dismissing fraudulent misrepresentation, negligent misrepresentation, promissory estoppel, and equitable estoppel claim where the pleading did no go "beyond generalities" and did not identify "a speaker or specific communication"); *Premier Orthopaedic Assocs. of S. NJ, LLC v. Aetna, Inc.*, Civ. No. 20-11641, 2021 WL 2651253, at *4 (D.N.J. June 28, 2021) ("These vague allegations as to which services Aetna agreed to cover, and how much Aetna agreed to pay Plaintiff for these services, do not provide sufficient facts to support the plausibility of Plaintiff's breach of contract, promissory estoppel, and accounts stated claims. Each of these claims requires Plaintiff to show the specific terms Aetna agreed to (for breach of contract) or the precise promise Aetna made (for promissory estoppel and accounts stated)."); *Bergen Beverage Distributors LLC v. E. Distributors I, Inc.*, Civ. No. 17-04735, 2017 WL 5714702, at *3 (D.N.J. Nov. 28, 2017) (dismissing negligent misrepresentation claim where the plaintiffs did "not indicate who actually made the statements to whom or when they were made, nor do they indicate how many hours were promised and how many were actually worked"); *Capers v. FedEx Ground*, Civ. No. 02-5352, 2012 WL 2050247, at *2 (D.N.J. June 6, 2012) (dismissing promissory estoppel claim where the allegations were "little more than a recitation of the elements" and the pleading did "not allege any specific facts supporting the claim").

---

[4]    There also seems to be a question "as to whether New Jersey courts recognize a claim of equitable estoppel as an independent cause of action." *D'Urso v. BAMCO, Inc.*, Civ. No. 22-03723, 2023 WL 5623945, at *10 (D.N.J. Aug. 31, 2023) (collecting cases). The Court addresses Plaintiffs' claims without resolving this conflict—if one exists at all. The Court notes that Plaintiff only recites the criteria for promissory estoppel, not equitable estoppel, in opposition to the motion to dismiss. (ECF No. 17 at 10-12.)

Further, in opposition to the motion to dismiss, Plaintiff does not contend that there is any explicit representation by Defendant to substantiate these claims. Instead, Plaintiff newly contends that it "reasonably relied on [Defendant's] payments for *some* laboratory services rendered to believe that payments for further laboratory services would be paid." (ECF No. 17 at 10-12 (emphasis in original).) It is axiomatic, however, that a pleading cannot be amended by a brief in opposition to a motion to dismiss. *See Mills v. Ethicon, Inc.*, 406 F. Supp. 3d 363, 387 (D.N.J. 2019) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (quoting *Frederico v. Home Depot*, 507 F.3d 188, 202 (3d Cir. 2007))). And the paragraph in the Amended Complaint that Plaintiff cites in support does not actually allege that Defendant ever paid any claim. (*See* ECF No. 8 ¶ 34 ("Despite receiving the claims underlying this Complaint, Defendants have not paid them . . . . [T]hey simply stopped responding to Abira, without remitting payment.").)

Accordingly, Counts Three through Six are dismissed without prejudice.

## C. COUNT SEVEN—QUANTUM MERUIT/UNJUST ENRICHMENT

The quantum meruit/unjust enrichment claim in Count Seven also fails at this time because Plaintiff has not plausibly pleaded that benefits were conferred on Defendant. Indeed, both quantum meruit and unjust enrichment "require[] a determination that defendant has benefitted from plaintiff's performance." *MHA, LLC*, 539 F. Supp. 3d at 361 (quoting *Woodlands Cmty. Ass'n, Inc. v. Mitchell*, 162 A.3d 306, 310 (N.J. Super. Ct. App. Div. 2017)). While district courts in this Circuit long held that benefits for medical services "inure[d] only to the patients treated," not the insurers,[5] at least one court in this District has interpreted the Third Circuit's opinion in

---

[5]     *See, e.g.*, *Plastic Surgery Ctr., LLC v. Oxford Health Ins., Inc.*, Civ. No. 18-2608, 2019 WL 4750010, at *6 (D.N.J. Sept. 30, 2019) ("[T]his Court 'consistently' dismisses unjust enrichment claims when a healthcare provider sues an insurer for the unreimbursed costs of a procedure performed on an insured.").

*Plastic Surgery Center, P.A. v. Aetna Life Insurance Co.* as opening the door for unjust enrichment claims against insurers. *Id.* (citing *Plastic Surgery Ctr., P.A. v. Aetna Life Ins. Co.*, 967 F.3d 218, 241 n.26 (3d Cir. 2020)).

In *Plastic Surgery Center*, the Court of Appeals underscored that "where a healthcare provider claims unjust enrichment against an insurer, the benefit conferred, if any, is not the provision of the healthcare services *per se*, but rather the discharge of the obligation the insurer owes to its insured." *Plastic Surgery Ctr., P.A.*, 967 F.3d at 240. And because the obligation the insurer owes typically springs from a plan, the health provider must plausibly establish that a plan exists, the insurer "'received a benefit'—*i.e.*, the discharge of its duties under that plan," and that "retention of that benefit without payment would be unjust." *Id.* at 241 (citations omitted).

Here, even accepting that an unjust enrichment claim could be maintained against Defendant, Plaintiff has not adequately pleaded its claim because its allegations do not plausibly establish that a plan exists under which Defendant "received a benefit." Notably, Plaintiff does not identify any of Defendant's insureds, does not identify what duties Defendant owed to the insureds under the specific terms of any plan, and does not plead allegations that allow this Court to infer that Defendant unjustly retained a benefit under any plan without payment. Accordingly, Count Seven is dismissed without prejudice.

### D.   REFERENCES TO VARIOUS STATUTES

The Amended Complaint repeatedly references the Employee Retirement Income Security Act of 1974 ("ERISA") without setting forth a count claiming unpaid or underpaid benefits under the statute. Defendant argues that even if a claim were set forth under ERISA it would fail because its plan is governed by the Federal Employees Health Benefits Act ("FEHBA"), not ERISA. (ECF No. 11 at 16.) Plaintiff does not dispute Defendant's contention that ERISA is inapplicable to a FEHBA plan or that the plans at issue here would be FEHBA plans. *See California Spine &*

*Neurosurgey Inst. v. Nat'l Ass'n of Letter Carriers Health Benefit Plan*, 548 F. Supp. 3d 934, 937, 943 (N.D. Cal. 2021) ("The federal government maintains health benefit plans for its employees. These plans are governed by the Federal Employees Health Benefits Act. . . . ERISA is a separate statute that governs retirement and health care plans for employees in the private sector."); *In re LymeCare, Inc.*, 301 B.R. 662, 668 (Bankr. D.N.J. 2003) ("ERISA does not apply to FEHBP insureds.").

In any event, even if ERISA were applicable, Plaintiff has not plausibly alleged an assignment to pursue a claim for benefits under ERISA. A plausible assignment "ordinarily must identify a specific patient(s) who has assigned their claim(s) for benefits as well as factual matter that indicates that the provider is proceeding pursuant to an appropriate assignment, such as a copy of the assignment(s) at issue, the relevant language from the assignment(s), or some other evidence of the scope of the assignment(s)." *Minisohn Chiropractic & Acupunture Ctr., LLC v. Horizon Blue Cross Blue Shield of New Jersey*, Civ. No. 23-01341, 2023 WL 8253088, at *3-4 (D.N.J. Nov. 29, 2023) (collecting cases). Plaintiff has not done so here.

The Amended Complaint also repeatedly references the Families First Coronavirus Response Act and the Coronavirus Aid, Relief, Economic Security Act. However, unlike the original Complaint, the Amended Complaint does not set forth a separate count under either statute. (*Compare* ECF No. 8, *with* ECF No. 1-3 at 12-13.) The Court therefore declines to read a claim in that Plaintiff appears to have deliberately omitted from the operative pleading. The Court notes, however, that several other courts have determined that neither statute provides a private right of action. *See, e.g.*, *Thompson v. U.S. Dep't of Treasury Internal Revenue Serv.*, Civ. No. 23-03103, 2023 WL 4744751, at *2 (D.N.J. July 25, 2023) ("Courts in this district, as well as the other districts around the country, agree that there is no implied private right of action for individuals under the CARES Act."); *Genesis Lab'y Mgmt. LLC v. United Health Grp., Inc.*, Civ.

No. 21-12057, 2023 WL 2387400, at *3 (D.N.J. Mar. 6, 2023) ("[T]he Court, in line with its sister courts, finds that Plaintiff has no implied private right of action under the FFCRA and the CARES Act."); *see also Saloojas, Inc. v. Aetna Health of California, Inc.*, 80 F.4th 1011, 1016 (9th Cir. 2023) ("We therefore hold that the CARES Act does not grant a private right of action to a provider of COVID-19 diagnostic testing to enforce § 3202.").

### E. FEHBA PREEMPTION OF STATE-LAW CLAIMS FOR COVID-19 TESTING

Finally, Defendant argues that FEHBA preempts Plaintiff's state-law claims to the extent they seek payment for COVID-19 testing.  (ECF No. 11 at 14-15.)  Plaintiff does not respond to this argument.  Because the state-law claims are being dismissed without prejudice, and because Plaintiff has not yet distinguished between claims for COVID-19 testing and other specimen testing, the Court does not reach this preemption argument at this time.

## IV.  CONCLUSION

For the reasons set forth above, and other good cause shown, Defendant's Motion to Dismiss (ECF No. 10) is **GRANTED**.  An appropriate Order follows.

Dated:  April 30, 2024

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE